UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20311-CIV-HUCK/BANDSTRA

SIDNEY LEVY,

    Plaintiff,

v.

GILBERT-KRUPIN INSURANCE
SERVICES, LLC,

    Defendant.
_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

    Plaintiff Sidney Levy seeks to recover premiums paid to Defendant Gilbert-Krupin Insurance Services, LLC for a John Hancock Life Insurance Company life insurance policy. Levy alleges that Gilbert-Krupin made misrepresentations in order to convince him to purchase the life insurance policy. Levy brings causes of action for negligence (Count I), fraud in the inducement (Count II), fraud (Count III), and negligent misrepresentation (Count IV). On March 1, 2011, Gilbert-Krupin moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [D.E. #10], asserting that Levy's answer to a question on an application for the Hancock life insurance policy preempts Levy's claims. For the reasons discussed below, the Court dismisses Levy's Complaint without prejudice and denies Gilbert-Krupin's Motion as moot.

**I.    FACTUAL BACKGROUND**

    Plaintiff Sidney Levy was dissatisfied with the high premiums he was paying for his three life insurance policies. Levy alleges that Michael Jerry Krupin—a licensed insurance agent and part-owner of Defendant Gilbert-Krupin Insurance Services, LLC—knew this and approached him with the recommendation that Levy liquidate his existing life insurance policies and, instead, purchase a $4,000,000 universal life insurance policy through John Hancock Life Insurance Company. Levy alleges that Krupin recommended a universal life insurance policy, instead of a second-to-die policy,

because Krupin explained that Levy would be able to sell the universal life insurance policy on the secondary market for between $1,000,000 and $1,300,000. Levy alleges that Krupin also stated that Levy would earn more in this transaction than he would initially pay in premiums for his Hancock life insurance policy. The annual premium for the Hancock life insurance policy was approximately $375,000.

In August 2008, Levy decided to purchase the Hancock life insurance policy. He paid $367,560.72 in premiums—$142,560.72 on August 28, 2008 and $225,000.00 on November 1, 2008. In late-2010, Krupin notified Levy that unless he paid an additional premium of $97,582.00 by October 16, 2010, the policy would lapse. Krupin indicated to Levy that he had not received any offers for Levy's Hancock life insurance policy on the secondary market. Levy alleges that he only purchased the Hancock life insurance policy upon the assurances of Krupin that there was a highly liquid secondary market for the policy, the sale of which would cover the costs of Levy's premium payments and also create $1,000,000 in profit for Levy. Levy did not deposit the additional premium payment, and the Hancock life insurance policy expired on October 16, 2010.

## II.   ANALYSIS

Defendant Gilbert-Krupin moves to dismiss, asserting that Levy's response to Question 5 from the John Hancock life insurance policy application precludes his recovery under theories of negligence, fraud in the inducement, fraud, or negligent misrepresentation. Specifically, Question 5—to which Levy answered "No"—asks

> Is there, or will there be, an understanding or agreement providing for a party, other than the Owner designated in question 3.a), to obtain any right, title or other legal or beneficial interest in any policy issued on the life of the Proposed Life Insured(s) as a result of the application?

Levy is the "Owner designated in question 3.a)" and the "Proposed Life Insured." Gilbert-Krupin also attaches an excerpt from the Hancock Life Insurance policy to its Motion to Dismiss. In that excerpt, the Hancock life insurance policy incorporates the application as part of the contract between Levy and Hancock, stating "[t]he entire contract between the applicant and us consists of

the policy, such application, and any riders and endorsements." Based on this, Gilbert-Krupin asserts that the application "contains language expressly negating any claim that the policy is subject to sale in any 'secondary market . . . .'" Thus, Gilbert-Krupin contends that the Court must dismiss Levy's Complaint with prejudice.

The single sentence, quoted above, comprises the entirety of Gilbert-Krupin's legal argument that Levy has failed to state a claim pursuant to Rule 12(b)(6).[1] However, the case that Gilbert-Krupin primarily relies upon in support of this argument states only that "[i]f the contract demonstrates unambiguously that the plaintiff's relief is not merited, the claims should be dismissed." *Siedle v. National Association of Securities Dealers, Inc.*, 248 F. Supp. 2d 1140, 1143 (M.D. Fla. 2002). Here, it is far from clear that Levy's relief is not merited. First, Gilbert-Krupin does not explain whether Krupin's representations to Levy were, in fact, an "understanding or agreement" anticipated by Question 5, or whether such an "understanding or agreement" exists when no individual buyer of the policy has been identified at the time that the application is submitted, as was the case here. Second, in its Motion, Gilbert-Krupin seems to assume that it can assert a defense based on the language in the contract that limits the sale of the life insurance policy, but provides no analysis justifying that assumption. The excerpted language of the contract appears to limit the terms of the contract to Levy and John Hancock Life Insurance Company. Therefore, without expressing an opinion on the matter, the Court notes that it is unclear that any entity other than John Hancock Life Insurance Company may claim the benefit of that contractual language. Gilbert-Krupin does not sustain its burden pursuant to Rule 12(b)(6) because it fails to supply any legal analysis regarding these issues. Thus, the Court finds that Gilbert-Krupin has not demonstrated unambiguously that Levy's Complaint should be dismissed.

Moreover, the Court notes that if dismissal is appropriate, another case relied upon by Gilbert-Krupin demonstrates that the dismissal should be without prejudice; not with prejudice, as

---

[1] The remaining four pages of Gilbert-Krupin's memorandum argue that the Court may consider the application and life insurance policy, neither of which Levy attached to his Complaint. Levy does not contest that the Court may consider both these documents, even choosing to reference them in his Response to the Motion to Dismiss [D.E. #12].

argued for by Gilbert-Krupin. In *Advisor's Capital Investments, Inc. v. Cumberland Casualty & Surety Company*, the court noted that "the Eleventh Circuit prefers the district court give a plaintiff an opportunity to amend a complaint rather than dismiss it when it appears that a more carefully drafted complaint might state claims upon which relief may be granted." No. 805CV40423MAP, 2005 WL 3445543, at *2 (M.D. Fla. Dec. 15, 2005) (quoting *Friedlander v. Nims*, 755 F.2d 810 (11th Cir. 1985)).

Here, new "allegations" made by Levy in his Response to the Motion to Dismiss, but not in his Complaint, demonstrate that a more carefully drafted complaint may state claims upon which relief may be granted.[2] In his Response, Levy alleges that it was Michael Krupin who filled in and prepared the application for Levy, who, in turn, merely signed it. Levy does not indicate whether he read and understood the application that he signed. Levy also alleges that Krupin informed him that the transaction was legally permissible, a statement that Levy now alleges was false. None of these allegations are contained within Levy's Complaint. Therefore, the Court cannot consider them on a motion to dismiss pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 10(b). However, these facts, if assumed to be true, would be relevant to Levy's claims and would rebut Gilbert Krupin's argument regarding Question 5. Because Levy clearly has not included all pertinent allegations in his Complaint, particularly those relevant to his claims for fraud in the inducement and fraud (Counts II and III), it appears that a more carefully drafted complaint may state claims upon which relief could be granted.

Although Gilbert-Krupin does not argue for dismissal pursuant to Rule 9(b), the Court finds that this provision is relevant. Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) is "satisfied if the complaint sets forth (1) precisely what statements were made in what

---

[2]  Inexplicably, in response to Gilbert-Krupin's Motion to Dismiss, Levy primarily argues that he has standing to bring his case, "[u]nder *Lujan v. Defeners* [sic] *of Wildlife*, 504 U.S. 555 (1992), and its progeny." Even without detailed discussion about the law interpreting Rule 12(b)(6), it is evident that the existence of standing does not answer Gilbert-Krupin's previously-described argument that Levy has failed to state a claim upon which relief can be granted.

documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted). The goal of these requirements is to alert defendants "to the precise misconduct with which they are charged" and to protect defendants "against spurious charges of immoral and fraudulent behavior." *Id*.

From the additional allegations in Levy's Response, it is clear that his Complaint has not stated "with particularity" the circumstances of the alleged fraud. The material, additional facts that Levy alleges directly relate to Gilbert-Krupin's allegedly fraudulent actions. The Complaint should include these relevant allegations because Gilbert-Krupin is entitled to notice of such allegations. Therefore, the Court finds that Levy's Complaint fails to satisfy the requirements of Rule 9(b).

### III.  CONCLUSION

For the foregoing reasons, the Court *sua sponte* DISMISSES Levy's Complaint WITHOUT PREJUDICE pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, with leave to amend. As such, the Court DENIES AS MOOT Gilbert-Krupin's Motion to Dismiss. If Plaintiff elects to file an Amended Complaint, he should do so **on or before Friday, April 15, 2011**.

DONE and ORDERED in Chambers, Miami, Florida, on April 6, 2011.

Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
Counsel of Record